◼ In the Matter of JORGE CORNEJO, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [704 NYS2d 517] —Ap-

peal from a judgment of the Supreme Court (Kane, J.), entered June 17, 1999 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's application for parole release.

Petitioner, a prison inmate, is currently serving a 3 to 9-year sentence for a conviction of robbery in the first degree, a concurrent sentence of 1 to 3 years as a youthful offender for attempted grand larceny in the third degree and a consecutive sentence of 1 to 3 years for attempted promoting prison contraband in the first degree. The Board of Parole denied petitioner's application for parole release. Supreme Court dismissed the CPLR article 78 proceeding to review that determination and we affirm.

The record reveals that in denying petitioner's request for parole release, the Board considered the relevant factors including the nature of his crimes, his institutional record, his receipt of an earned eligibility certificate, and his family and future plans. In view of the foregoing, it cannot be said that the Board's determination was either irrational or arbitrary and capricious (*see, Matter of Phillips v Travis*, 694 AD2d 493). Therefore, we conclude that Supreme Court appropriately dismissed the petition. The fact that petitioner received a certificate of earned eligibility does not preclude the Board from concluding, as it rationally did here, that petitioner could not live and remain at liberty without violating the law and that his release would be incompatible with the welfare of society (*see, Matter of Dorato v New York State Div. of Parole*, 264 AD2d 247; *Matter of Phillips v Travis, supra*). Petitioner's remaining contentions have been reviewed and found to be unpersuasive.

Cardona, P. J., Crew III, Peters, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.